**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **SPX COOLING TECHNOLOGIES, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**GEAR REDUCER SERVICES LLC,** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION**<br><br>**No. 12-2398-KHV** |

**MEMORANDUM AND ORDER**

SPX Cooling Technologies brings suit against Gear Reducer Services, LLC alleging trademark infringement under 15 U.S.C. § 1114, false designation of origin and unfair competition under 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c), cyberpiracy under 15 U.S.C. § 1125(d) and Kansas common law claims for unfair competition and tortious interference. See Complaint (Doc. #1) filed June 22, 2012. This matter comes before the Court on plaintiff's Motion For Order Of Default And Default Judgment (Doc. #4) filed August 13, 2012, to which defendant has not timely responded. Ordinarily, the Court will grant an uncontested motion without further notice. See D. Kan. Rule 7.4(b).[1]  In this case, however, the Court construes the motion as one for

---

[1] Rule 7.4(b) states as follows:

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4(b).

entry of default and sustains it under Rule 55(a), Fed. R. Civ. P.

Plaintiff asks the Court to order an entry of default and to enter default judgment on its claims. Rule 55, however, contemplates a two-step process by which a party first receives an entry of default under Rule 55(a) and then applies for default judgment under Rule 55(b).[2]  Sheldon v. Khanal, No. 07-2112-KHV, 2007 WL 2213540, at *2 (D. Kan. Aug. 1, 2007) (citing Williams v. Smithson, 57 F.3d 1081 (Table), 1995 WL 365988, at *1 (10th Cir. June 20, 1995)).  Because plaintiff cannot proceed directly to default judgment, the Court construes its motion as one for entry

---

[2]  Rule 55 states, in part, as follows:

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) Entering a Default Judgment.

> (1) By the Clerk.  If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing.  The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when, to enter or effectuate judgment, it needs to:
> >   (A) conduct an accounting;
> >   (B) determine the amount of damages;
> >   (C) establish the truth of any allegation by evidence; or
> >   (D) investigate any other matter.

Fed. R. Civ. P. 55(a) and (b).

of default.  See Kelly v. Wilson, No. 09-2188, 2009 WL 3122519, at *1 (D. Kan. Sept. 29, 2009).

On June 28, 2012, plaintiff effected service upon defendant's registered agent.  Pursuant to Rule 12 (a)(1)(A)(i), Fed. R. Civ. P., defendant had 21 days, or until July 19, 2012, to file an answer or otherwise respond to plaintiff's claims.  Defendant has not done so.  Because defendant has failed to plead or otherwise defend the claims, plaintiff is entitled to an entry of default under Rule 55(a).

**IT IS THEREFORE ORDERED** that the Motion For Order Of Default And Default Judgment (Doc. #4) which SPX Cooling Technologies filed August 13, 2012 and which the Court construes as a motion for entry of default be and hereby is **SUSTAINED** in part.

**The Court directs the Clerk to enter default against defendant Gear Reducer Services LLC on the claims set forth in plaintiff's complaint.**

Dated this 6th day of September, 2012 at Kansas City, Kansas.

>                s/ Kathryn H. Vratil
>                KATHRYN H. VRATIL
>                United States District Judge